WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vicki Jo Hodges,<br><br>                Plaintiff,<br><br>v.<br><br>City of Phoenix and the City of Phoenix Library Department,<br><br>                Defendants. | No. CV-13-01520-PHX-DGC<br><br>**ORDER** |

Defendants City of Phoenix and the City of Phoenix Library Department (the "Library") have filed a motion to dismiss pursuant to Rule 12(b)(6). Doc. 18. The motion is fully briefed. For the reasons that follow, the Court will grant in part and deny in part the motion.[1]

**I.     Background.**

Plaintiff Vicki Jo Hodges is a part-time employee of the Library (Doc. 18 at 2), and has worked as a library assistant since July 16, 2007. Doc. 8, ¶ 14. Plaintiff is blind. *Id.*, ¶ 13. Plaintiff contends that beginning in March 2010, her hours were decreased from the 20 hours per week she had previously been working. *Id.*, ¶¶ 17-18. She further contends that all other part-time library assistants work 24 to 30 hours per week, while her hours do not exceed 16. *Id.*, ¶¶ 19-21. Plaintiff alleges that she has never been trained on Polaris, the Library's "online integrated library system," and that all other

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Library staff members have received such training. *Id.*, ¶ 23. Plaintiff claims that the Library has also failed to train her on QuestionPoint, which is a software program used "to receive and respond to online inquiries submitted by Library patrons[.]" *Id.*, ¶ 24. She contends that both Polaris and QuestionPoint are compatible with the screen-reading software she utilizes and that she "could be trained on both systems with reasonable accommodation(s)." *Id.*, ¶ 26. If she received this training, she claims, she would be able to work additional hours. *Id.*, ¶ 27.

Plaintiff also contends that she "has requested other reasonable accommodations such as braille signs on rows of shelves and adaptations to the library's RFID (radio frequency identification system) so that she can use it non-visually," but that the Library has failed to provide these accommodations. *Id.*, ¶¶ 27-28. She finally alleges that the Library failed to grant her an exception to its policy that "no employee may arrive at his/her work area more than thirty minutes prior to scheduled start time," an accommodation which she asserts is necessary "due to her dependence on Dial-a-Ride transportation to work." *Id.*, ¶ 33.

Plaintiff asserts claims under Titles I and II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794 *et seq. See id.* Defendants' motion to dismiss does not challenge Plaintiff's claim under Title I of the ADA. Doc. 18 at 18.

**II.    Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.   Analysis.**

Plaintiff concedes that the City of Phoenix Library Department is a non-jural entity not subject to suit. Doc. 22 at 4.  The Court will therefore dismiss the Library.

**A.   Title II Claim.**

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Defendants argue that Plaintiff's claim under Title II of the ADA must be dismissed because the Ninth Circuit has held that Title II is not applicable to claims of employment discrimination, which must be brought under Title I.  Doc. 18 at 7.  Defendants are correct.  In *Zimmerman v. Oregon Department of Justice*, 170 F.3d 1169, 1173 (9th Cir. 1999), the Ninth Circuit exhaustively analyzed the applicability of Title II to employment discrimination claims.  The court concluded that "Congress unambiguously expressed its intent for Title II not to apply to employment." *Id.*

Although the Library fits the statutory definition of a "public entity," *Zimmerman* made clear that employment discrimination is not covered by either the first clause ("services, programs, or activities of a public entity") or the second clause ("subjected to discrimination by any such entity") of Title II.  *See id.* at 1174-76 (concluding that "employment by a public entity is not commonly thought of as a 'service, program, or activity of a public entity,'" and that the second clause of Title II prohibits discrimination "only in a public entity's 'outputs,'" rather than "inputs," such as employment).

Plaintiff advances *Barker v. Riverside County Office of Education*, 584 F.3d 821 (9th Cir. 2009), as distinguishing *Zimmerman*. In *Barker*, the court held that the plaintiff's claim under Title II could proceed because she alleged "that she was retaliated against and subsequently lost her job because she advocated for disabled students who were receiving inadequate public services – educational services provided by a public school – which are covered under Title II[.]" *Barker*, 584 F.3d at 828. The court did not hold that Title II applied to employment claims, but that the plaintiff's claims could proceed because she alleged discrimination related to public services, which is covered by Title II. *Id.* Plaintiff's citation to *Barker* is therefore unavailing. The Court will grant Defendants' motion to dismiss on this claim.

### B. Rehabilitation Act Claim.

Defendants argue that Plaintiff's claims under the Rehabilitation Act, 29 U.S.C. § 794(a), are not properly pleaded because Plaintiff has not "identified any 'program or activity' from which she was excluded, subjected to discrimination, or of which she was denied benefits." Doc. 18 at 10. Defendants are incorrect. Section 794(a) states that no otherwise qualified individual with a disability "shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" The statutory definition of "program or activity" includes "all operations of a department, agency, special purpose district, or other instrumentality of a State or local government[.]" 29 U.S.C. § 794(b)(1)(A). The Library is a department of a local government. Doc. 18 at 6. Plaintiff has alleged that the Library receives federal assistance. Doc. 8, ¶ 48. She further alleges that she has been subject to discrimination. *Id.*, ¶¶ 50-52. The Court will not grant Defendants' motion to dismiss on this basis.

Defendants also contend that Plaintiff's claims under the Rehabilitation Act are time-barred. Doc. 18 at 10-11. The Arizona Court of Appeals, in *Madden-Tyler v. Maricopa County*, 943 P.2d 822, 829 (Ariz. Ct. App. 1997), held that Arizona's general personal-injury statute of limitations applies to Rehabilitation Act claims. Defendants

1  argue that "Plaintiff filed her first Charge of Discrimination on July 16, 2010," and that
2  because she did not file this action until July 26, 2013, she failed to comply with the two-
3  year limitations period derived from A.R.S. § 12-542(1).  Doc. 18 at 12.  Plaintiff
4  responds that she has "pled that her complaints of employment discrimination are
5  ongoing."  Doc. 22 at 7 (citing Doc. 8, ¶¶ 45, 55).

6  "If the running of the statute [of limitations] is apparent on the face of the
7  complaint, the defense may be raised by a motion to dismiss."  *Jablon v. Dean Witter &*
8  *Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  Because of the ongoing nature of Plaintiff's
9  claim, the Court concludes that the running of the statute is not clear on the face of the
10 complaint.  The Court will deny Defendants' motion to dismiss on this basis.

11       **C.     Declaratory Judgment.**

12 Defendants argue that "Plaintiff is only entitled to present a claim under the
13 Declaratory Judgment Act if she can identify a present justiciable controversy."  Doc. 18
14 at 13 (citing 28 U.S.C. § 2201).  Plaintiff, however, has not pleaded a claim under the
15 Declaratory Judgment Act, and notes in her response that she is not bringing an
16 independent declaratory judgment action.  Doc. 22 at 8.  Rather, she has asserted claims
17 under the ADA and the Rehabilitation Act and notes that "[i]n order for [Plaintiff] to be
18 awarded the relief she seeks, the trier of fact must find in her favor and find that the
19 statutes have been violated".  *Id.*  Asking the Court to find that Defendants have violated
20 these statutes as part of a damages claim is not the same as pleading a claim under the
21 Declaratory Judgment Act.  Because Plaintiff concedes that she did not intend to plead a
22 claim for declaratory judgment, the Court will not address these arguments.

23       **D.     Injunctive Relief.**

24 Defendants assert that "Plaintiff lacks standing to seek injunctive relief, as she
25 fails to allege facts showing a current case or controversy or an actual or imminent
26 concrete and particularized injury in fact, or a likelihood of future harm."  Doc. 18 at 17.
27 In addition to Article III's case or controversy requirement, a plaintiff seeking injunctive
28 relief must demonstrate "'a sufficient likelihood that he will again be wronged in a

similar way[.]'" *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). Put another way, "he must establish a 'real and immediate threat of repeated injury.'" *Fortyune*, 364 F.3d at 1081 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)).

If the Court accepts as true Plaintiff's allegations that Defendants continue to violate the ADA and the Rehabilitation Act, as it must at the motion to dismiss stage, Plaintiff has pleaded facts sufficient for standing. Defendants' argument that "[t]here are no facts showing Plaintiff is immediately in danger of sustaining any direct or immediate injury" (Doc. 18 at 17) is simply incorrect. The Court will deny Defendants' motion to dismiss on this ground.

### E. Punitive Damages.

Defendants argue that Plaintiff is precluded from recovering punitive damages on any of her claims. Doc. 18 at 17-18, Doc. 23 at 11. The Court agrees. 42 U.S.C. § 1981a(b)(1) states that a party asserting a claim under Title I of the ADA "may recover punitive damages under this section against a respondent (*other than* a government, government agency or political subdivision)[.]" (emphasis added). Further, the Supreme Court has held that punitive damages are not available under the Rehabilitation Act. *See Barnes v. Gorman*, 536 U.S. 181, 188-89 (2002) ("Because punitive damages may not be awarded in private suits brought under Title VI of the Civil Rights Act, it follows that they may not be awarded in suits brought under § 202 of the ADA and § 504 of the Rehabilitation Act.") The Court will grant Defendants' motion to dismiss on the issue of punitive damages.[2]

---

[2] In the reply brief, Defendants assert for the first time that Plaintiff's complaint does not satisfy the pleading requirements of *Iqbal* and *Twombly*. The Court will not consider an argument made for the first time in a reply brief. *Lentini v. Cal. Center for the Arts, Escondido*, 370 F.3d 837, 843 n.6 (9th Cir. 2004).

- 6 -

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 18) is **granted in part** and **denied in part** as set forth above.

Dated this 18th day of February, 2014.

_____
David G. Campbell
United States District Judge